**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DEBBIE L. JENKINS, Individually and on Behalf**                                 **PLAINTIFF**
**of all others similarly situated**

**V.**                               **CASE NO. 4:06-CV-00365 GTE**

**H&R BLOCK, INC.**                                                                    **DEFENDANT**

**ORDER OF TRANSFER**

Defendant H&R Block has filed a Motion to Transfer Venue and Postpone Date to Answer or Otherwise Plead. In response, Plaintiff filed a Motion to Stay pending a decision by the Judicial Panel for Multi-District Litigation ("MDL"). Defendant also filed a reply opposing a stay and in further support of its motion.

For the reasons stated below, the Court finds that Plaintiff's request for a stay should be denied and Defendant's request for a venue transfer should be granted. Defendant's request for an extension of time to file a responsive pleading will also be granted, but a date certain will be established for said response.

**OVERVIEW OF COMPLAINT**

Plaintiff's Class Action Complaint, filed March 24, 2006, alleges that Defendant H&R Block breached its fiduciary duties owed to Plaintiff and to all other class members who opened Express Individual Retirement Accounts ("XIRA") contemporaneously with their purchase of tax preparation services by H&R Block's tax preparers at its retail tax offices. Plaintiff asserts that the XIRA accounts were "uniformly marketed and sold to consumers without regard to the consumer's tax, investment, and income requirements, and without adequate disclosure of the significant referral fees and commissions received by H&R BLOCK'S tax preparers for pushing these XIRA accounts." (Complaint at ¶ 1). Plaintiff seeks monetary damages on behalf of

herself and all others who were solicited to open and who opened an XIRA account. (Complaint at ¶ 2).

## DISCUSSION

### 1. Plaintiff's Motion to Stay

Plaintiff opposes a transfer. Further, Plaintiff seeks a stay of the Court's consideration of the transfer issue pending resolution by the MDL of a motion which, if granted, will cause 13 class action cases presently pending against H&R Block to be transferred to the MDL. Such circumstance does not warrant a stay, however, because regardless of the MDL decision, it will not obviate the need to resolve the venue issue. In the event the MDL accepts the transfer, the actions will be transferred to the MDL solely for consolidated pretrial proceedings, upon the completion of which the cases will be returned to the transferring districts for trial. 28 U.S.C. § 1407(a). Accordingly, the transfer issue must be resolved, if not now, then later. Judicial economy favors resolving the issue now rather than later.

Plaintiff's Motion for Stay is denied.

### 2. Transfer of Venue

Pursuant to 28 U.S.C. § 1404(a), H&R Block contends that this action should be transferred to the Western District of Missouri, Western Division. Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

The statutory factors include: (1) the convenience of the parties; (2) the convenience of the witnesses, and (3) the interests of justice. *Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). However, the statutory factors are not exhaustive and district courts are required to consider all factors relevant to a particular case. *Id*. Venue determinations are

notoriously case-specific.

It is undisputed that Plaintiff could have filed this action in the Western District of Missouri. Defendant H&R Block is incorporated under the laws of the State of Missouri and its principal place of business is located in Kansas City, Missouri, which lies in the Western District of Missouri.

Defendant alleges – and Plaintiff does not dispute – that a significant part of the alleged acts or omissions giving rise to the claim involved individuals located in Kansas City, Missouri. Many of the documents involved in the case will be located in Defendant's corporate headquarters in Missouri. Many of Defendant's witnesses will be located in Missouri as well.

Defendant points out that the general deference given a Plaintiff's venue choice is mitigated in this case by the fact that this is a class action. *Carson v. Merrill Lynch, Pierce, Fenner & Smith*, 1998 U.S. Dist. LEXIS 6903, at * 65 (W.D. Ark. Mar. 30, 1998). Indeed, Plaintiff's Complaint purports to bring claims on behalf of a nationwide class. (Complaint at ¶ 8). Thus, the fact that the named Plaintiff resides in the Eastern District of Arkansas does not carry its normal weight.

Defendant contends that the interests of justice favor a transfer in this case. It appears that there are presently sixteen nearly identical class action lawsuits pending against H&R Block related to the XIRA account sales. The majority of those cases are pending in the Western District of Missouri. Defendant wishes to consolidate this action, if transferred, with the other class actions presently pending in the Western District of Missouri.

On May 9, 2006, Defendant successfully obtained a venue transfer of a similar class action lawsuit from the Middle District of Alabama to the Western District of Missouri. (See Exhibit A to Def.'s Reply Brief, Doc. # 142). On May 12, 2006, Defendant successfully

- 3 -

obtained a venue transfer of a similar class action lawsuit from the Eastern District of Missouri to the Western District of Missouri.  (See Exhibit B to Def.'s Reply Brief, Doc. # 142).

The Honorable E. Richard Webber of the Eastern District of Missouri, in deciding to grant H&R Block's transfer motion, concluded that "the interests of justice weigh heavily in favor of transfer" and noted that judicial economy would be "greatly served" by granting the requested transfer.  (*Id*. at p. 6).  This Court agrees.

The Court finds that a venue transfer in this case is likely to save a significant amount of time, energy and money.  Because the requested transfer is consistent with the letter and spirit of 28 U.S.C. § 1404(a), H&R Block's motion to transfer will be granted..

### 3. **Extension of Time to File Responsive Pleading**

Defendant was served with the Complaint on March 30, 2006.  By agreement, Defendant was given until April 19, 2006 to respond to the Complaint.  Defendant now seeks to extend the responsive pleading deadline until a date to be determined after this Court rules on the transfer motion, or alternatively, until such time as the Western District of Missouri establishes for the filing of responsive pleadings.  The Court understands that Defendant would prefer to avoid answering "repetitive complaints on a piecemeal basis."  As a general policy matter, however, this Court does not permit open-ended and indefinite response periods.  Plaintiff is entitled to a timely response to her Complaint.  Accordingly, this Court will extend Defendant's time period to respond through and including June 16, 2006.  If additional time is needed or desired, Defendant may seek an additional extension from the transferee court.

### CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Stay (Docket No. 11) be, and it

is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer Case and Postpone Date to File a Responsive Pleading (Docket No. 4) be, and it is hereby, GRANTED. The date for Defendant to file a pleading responsive to the Plaintiff's Complaint is hereby extended through and including June 16, 2006. The Clerk of the Court is hereby directed to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court of the Western District of Missouri. Pursuant to *In re Nine Mile Limited*, 673 F.2d 242 (8th Cir. 1982), the Clerk of the Court is instructed to delay transferring this file until June 1, 2006, in order to allow Plaintiff to seek further relief if she so chooses.

IT IS SO ORDERED this  17th  day of May, 2006.

                                                  /s/Garnett Thomas Eisele  
                                               UNITED STATES DISTRICT JUDGE